JOSEPH G. BANNISTER *vs.* COUNTY OF MIDDLESEX.

Middlesex. Jan. 10. — Oct. 17, 1878. AMES & LORD, JJ., absent.

The St. of 1874, *c.* 35, § 17, empowering the First District Court of Southern Middlesex to "appoint all officers necessary for the transaction of the business of the court," does not authorize the appointment of an officer, whose services are to be paid for by the county, to attend the daily sessions of the court for criminal business.

CONTRACT upon an account annexed, by a deputy sheriff, for attendance upon the First District Court of Southern Middlesex. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on an agreed statement of facts, the material parts of which appear in the opinion.

*L. H. Wakefield,* for the plaintiff.

*G. Stevens,* for the defendant.

COLT, J. The St. of 1874, *c.* 35, by which the First District Court of Southern Middlesex is established, provides, in § 1, that said court shall "have the same jurisdiction, power and authority, shall perform the same duties, and be subject to the same regulations, as are provided in respect to existing police courts by chapter 116 of the General Statutes, and by all general laws passed in amendment thereof, applicable to the several police courts of the Commonwealth, and all provisions of law relating to criminal and civil proceedings, the taxation of costs, the payment of fines, the expenses of court, the accounting and settling with county and towns for money paid into the court as forfeit-

ures or otherwise, and all other returns and requirements of law applicable to the several police courts of the Commonwealth."

By the Gen. Sts. c. 116, §§ 10, 11, 12, police courts are given the same jurisdiction as justices of the peace have, in all matters relating to crimes committed in their respective districts, and their proceedings in the hearing, trial and determination of cases, and all matters relating thereto, it is declared, by § 11, "shall be substantially the same, and the fees and costs shall be the same, as in like cases before justices of the peace."

The plaintiff, a deputy sheriff, was appointed by the justice of the First District Court of Southern Middlesex an officer of the court, to attend its daily criminal sessions, because, in the judgment of the justice, such service was necessary in transacting the business of the court; and, according to the case stated, it was agreed between the said justice and the plaintiff, that the latter should receive for his services two dollars a day, to be paid by the county. The amount for which this action is brought was duly certified by the justice to the county treasurer, and payment refused. The service was rendered by the plaintiff before the passage of the St. of 1876, c. 196, which prohibits compensation for any such service in police and district courts.

The plaintiff contends that he was legally appointed to perform the required service, under § 17 of the St. of 1874, c. 35, which gives to the court the power to "appoint all officers necessary for the transaction of the business of the court;" and that, upon the certificate of the justice, he is entitled to his pay. But it was plainly not intended by this provision to give to the magistrate unrestrained power to appoint a deputy sheriff, solely to attend the criminal sessions of his court, for whose services, when certified, the county would be liable. The judgment of the justice is not conclusive on the question whether the service rendered was necessary. In deciding that question, the provision relied on must be construed with reference to the more prominent provisions of the act itself, above stated, which carefully restrict the power of the court in respect to the allowance of expenses, fees and costs, to the powers of justices of the peace and police courts; and also with reference to other general provisions of the statutes which fix the compensation of officers for attendance upon all the courts of the Commonwealth, and are

intended to cover the whole ground. Gen. Sts. *c.* 157, §§ 4, 5 ; *c.* 120, §§ 21, 22 ; *c.* 116. Sts. 1862, *c.* 102 ; *c.* 216, §§ 9–11, 13–15 ; 1866, *c.* 190 ; 1872, *c.* 331 ; 1873, *c.* 222 ; 1876, *c.* 215.

A marked illustration of the disposition of the Legislature in this respect is afforded by the fact that, on the day of the passage of the act in question, a statute was passed relating to district courts generally, in which it is specially provided that deputy sheriffs shall be paid for attendance upon those courts at sessions for trials by jury, with no other provision for such service. St. 1874, *c.* 36. The manifest purpose is to leave the matter of attendance on the criminal sessions of the district courts to be governed by the rules which governed justices of the peace. By the St. of 1862, *c.* 216, § 9, which is entitled " An act concerning officers' fees in criminal cases," and is full and complete in all its provisions, officers are allowed, for attending before a justice of the peace or police court, in criminal cases, and keeping the prisoner, one dollar per day, to be taxed on one warrant only. In such cases, and at all criminal sessions of police or district courts where there is any case for trial, there is always an officer present in charge of the prisoner, who is entitled to this allowance for attendance. It is not to be supposed that it was the purpose to provide for the appointment of an other officer, whose attendance had never been required before justices of the peace or police courts, and whose services in that capacity cannot be necessary to the transaction of the criminal business of the court. Whatever may be the extent of the authority conferred by the clause relied on, it is enough that it does not authorize this appointment.

The plaintiff relies on the provision of the Gen. Sts. *c.* 157, § 4, which gives to deputy sheriffs a fixed sum for attendance on a court of record, or a meeting of the county commissioners. But this was intended to fix the compensation, and not as a requirement that such service shall or may be rendered in all courts of record ; that is left to otner provisions of law, or to immemorial usage.                            *Judgment affirmed.*